621 F.2d 123
 UNITED STATES of America, Plaintiff-Appellant,
v.
Henry E. WILLIAMS, Defendant-Appellee.
 No. 79-2584
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 July 7, 1980.
 Richard T. Simmons, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiff-appellant.
 Virgil M. Wheeler, Jr., New Orleans, La., Herbert Shafer, Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RONEY, KRAVITCH and TATE, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 The Government here appeals the dismissal of an indictment alleging criminal extortion by a local public official under the Hobbs Act. 18 U.S.C.A. § 1951. The district court held the statute unconstitutionally vague and, alternatively, held that proof of coercion is necessary to sustain a conviction for extortion under the Act. See 18 U.S.C.A. § 1951(a), (b)(1). We reverse the district court on both of these holdings, and order that the jury verdict of guilty be reinstated.
 
 
 2
 Procedurally, defendant, an elected member of the school board for Jefferson Parish, Louisiana, was charged in a three-count indictment with knowingly, willfully and unlawfully affecting interstate commerce by soliciting and receiving, from a contractor doing business with the school board, airline tickets and cash to which neither he nor his office was entitled. Defendant was convicted on all three counts by a jury. Thereafter the district court granted a motion in arrest of judgment, set aside the jury verdict, and dismissed the indictment on the ground that the statutory prohibition against "obtaining . . . under color of official right" is unconstitutionally vague. Fed.R.Crim.P. 34. Alternatively, the court set aside its previous denial of defendant's motion for acquittal and granted the motion on the ground that, even if the statute is sufficiently clear to pass constitutional muster, coercion is an essential element of the crime and was admittedly not proved.
 
 
 3
 The Hobbs Act proscribes extortion in furtherance of a plan in violation of the Act. See generally United States v. Culbert, 435 U.S. 371, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978). The critical portion of the Act appears in the definition of "extortion."
 
 
 4
 (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
 
 
 5
 18 U.S.C.A. § 1951(b) (critical words italicized). The Government concedes there was no allegation or evidence that defendant threatened force, violence or fear to induce the payments. In instructing the jury, the district court stated,
 
 
 6
 To prove the crime charged in this case, the government need not prove that the payments to the defendant were the result of force or coercion on his part or from fear on the part of the giver.
 
 
 7
 It is this charge that the district court later held to be error.
 
 
 8
 To date, eight circuits have directly held that Hobbs Act violations based on extortion by a public official need not include proof of threat, fear or duress. See United States v. Hathaway, 534 F.2d 386, 393 (1st Cir.), cert. denied, 429 U.S. 819, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976); United States v. Trotta, 525 F.2d 1096, 1099-1101 (2d Cir. 1975), cert. denied, 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976); United States v. Kenny, 462 F.2d 1205, 1229 (3d Cir.), cert. denied, 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176 (1972); United States v. Price, 507 F.2d 1349, 1350 (4th Cir. 1974) (alternative holding); United States v. Harding, 563 F.2d 299, 306-07 (6th Cir. 1977), cert. denied, 434 U.S. 1062, 98 S.Ct. 1235, 55 L.Ed.2d 762 (1978); United States v. Staszcuk, 502 F.2d 875, 878 & n. 5 (7th Cir. 1974), modified in part on other grounds, 517 F.2d 53 (en banc ), cert. denied, 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975); United States v. Brown, 540 F.2d 364, 371-72 (8th Cir. 1976); United States v. Hall, 536 F.2d 313, 320-21 (10th Cir.), cert. denied, 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976). These courts have held that the disjunctive language of the extortion definition permits a conviction on a finding that property was unlawfully obtained either under color of official office or through force or duress. No circuit has held to the contrary. See generally Annot., 4 A.L.R. Fed. 881 (1970).
 
 
 9
 The language, "under color of official right," is consonant with the common law definition of extortion, which could be committed only by a public official taking a fee under color of his office, with no proof of threat, force or duress required. See Perrin v. United States, 444 U.S. 37, 100 S.Ct. 311, 62 L.Ed.2d 199, 206-208 (1979); United States v. Nardello, 393 U.S. 286, 289, 89 S.Ct. 534, 536, 21 L.Ed.2d 487 (1969); United States v. Hathaway, 534 F.2d at 393; R. Perkins, Criminal Law 367-71 (2d ed. 1969). The coercive element is supplied by the existence of the public office itself. United States v. Hathaway, 534 F.2d at 393; United States v. Mazzei, 521 F.2d 639, 644-45 (3d Cir.) (en banc ), cert. denied, 423 U.S. 1014, 96 S.Ct. 446, 46 L.Ed.2d 385 (1975). "Threats, fear and duress became express elements only when the crime was later broadened to include actions by private individuals, who had no official power to wield over their victims." United States v. Hathaway, 534 F.2d at 393 (citing United States v. Crowley, 504 F.2d 992 (7th Cir. 1974); United States v. Kenny, 462 F.2d 1205 (3d Cir.), cert. denied, 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176 (1972)).
 
 
 10
 With so many decisions on point, extended discussion is unnecessary. Considering the reasoning of these cases persuasive, we hold that a conviction under the Hobbs Act may be sustained upon a finding that property was unlawfully obtained under color of official right, absent a showing of "actual or threatened force, violence, or fear, . . ." 18 U.S.C.A. § 1951(b)(2). This decision disposes of the district court's alternative action in directing acquittal.
 
 
 11
 The district court held there was ample evidence to support the jury verdict under the court's charge for this meaning of the statute. This leaves the question of whether the Hobbs Act is unconstitutionally vague.
 
 
 12
 Although this Circuit has never ruled on a constitutional challenge to the specific portion of the Hobbs Act under which defendant was charged, convictions under the Hobbs Act in the face of general constitutional attacks have been sustained. See, e. g., United States v. Quinn, 514 F.2d 1250, 1268 (5th Cir. 1975), cert. denied, 424 U.S. 955, 96 S.Ct. 1430, 47 L.Ed.2d 361 (1976); Bianchi v. United States, 219 F.2d 182, 196 (8th Cir.), cert. denied, 349 U.S. 915, 75 S.Ct. 604, 99 L.Ed. 1249 (1955).
 
 
 13
 The issue is whether the words of the statute are sufficient to inform a public official of conduct that is subject to criminal sanctions. We hold the terms of this statute to be sufficiently precise to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972); see United States v. Mazzei, 390 F.Supp. 1098, 1104-05 (W.D.Pa.), aff'd in part and modified in part, 521 F.2d 639 (3d Cir.) (en banc ), cert. denied, 423 U.S. 1014, 96 S.Ct. 446, 46 L.Ed.2d 385 (1975). See generally United States v. Quinn, 514 F.2d at 1268; Bianchi v. United States, 219 F.2d at 196. It cannot be gainsaid that the statute on its face encompasses bribery of a public official, and that "under color of official right" has a "meaning, as a legal term of art, (that) is well-defined." United States v. Trotta, 525 F.2d at 1100; see United States v. Braasch, 505 F.2d 139, 151 & n. 8 (7th Cir. 1974), cert. denied, 421 U.S. 910, 95 S.Ct. 1561, 43 L.Ed.2d 775 (1975).
 
 
 14
 In United States v. Culbert, 435 U.S. 371, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978), a defendant tried under the Hobbs Act claimed a "racketeering" requirement should be read into the statute. In rejecting the defendant's proposed construction and his vagueness attack, the Court noted: "(W)e need not concern ourselves with these potential constitutional difficulties because a construction that avoids them is virtually compelled by the language and structure of the statute." 435 U.S. at 374, 98 S.Ct. at 1114. The Court found no need to invoke the doctrine that any ambiguity be resolved in favor of lenity, because the Court found no ambiguity in the statute. 435 U.S. at 371, 98 S.Ct. at 1112; see United States v. Wiltberger, 18 U.S. (5 Wheat.) 76, 95, 5 L.Ed. 37 (1820); cf. United States v. Enmons, 410 U.S. 396, 411, 93 S.Ct. 1007, 1015, 35 L.Ed.2d 379 (1973) (Court rejects Government's suggestion that meaning of Hobbs Act's definition of extortion be expanded, noting that criminal statutes must be construed strictly). "(H)ere Congress has conveyed its purpose clearly, and we decline to manufacture ambiguity where none exists." United States v. Culbert, 435 U.S. at 379, 98 S.Ct. at 1116. The Court concluded "that Congress intended to make criminal all conduct within the reach of the statutory language." 435 U.S. at 380, 98 S.Ct. at 1117. Such a broad reading was recently reaffirmed by this Court in United States v. Summers, 598 F.2d 450, 454 (5th Cir. 1979). See also Stirone v. United States, 361 U.S. 212, 215, 80 S.Ct. 270, 272, 4 L.Ed.2d 252 (1960); United States v. Chiantese, 582 F.2d 974, 980 (5th Cir. 1978), cert. denied, 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395 (1979); United States v. Hyde, 448 F.2d 815, 837 (5th Cir. 1971), cert. denied, 404 U.S. 1058, 92 S.Ct. 736, 30 L.Ed.2d 745 (1972). But cf. United States v. Enmons, 410 U.S. 396, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973) (Hobbs Act held inapplicable to use of violence to achieve legitimate union objectives). The absence of any ambiguity in the statute and the concomitantly broad reading which the Supreme Court and this Circuit have ascribed to the Hobbs Act support the conclusion that it is not unconstitutionally vague on its face. We so hold.
 
 
 15
 The evidence here showed that when defendant, a member of the school board, made his requests for money, the other parties were aware of his public office. United States v. Braasch, 505 F.2d at 151. One payor, Arthur Brandin, testified that if defendant had not been a school board member, he would not have given defendant $4000. The evidence demonstrated that defendant accepted the money and gratuities, knowing he was not entitled to them in the discharge of his lawful duties, and that payment was induced by his official position. Neither on its face nor as applied in this case is the Hobbs Act unconstitutionally vague. The district court's decision is reversed, and the case is remanded for reinstatement of the jury verdict of guilty on three counts of violating 18 U.S.C.A. § 1951, and further appropriate proceedings.
 
 
 16
 Having decided this case in the screening process without oral argument, it is unnecessary to rule on the Government's motion to expedite.
 
 
 17
 REVERSED AND REMANDED.
 
 TATE, Circuit Judge, concurring:
 
 18
 I agree with the majority that summary calendar treatment is appropriate, since (a) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument and (b) under the current state of the law, the dispositive issue has been authoritatively decided by decisions of eight of the circuits. F.Rule App.Pro., Rule 34(a) (as amended and adopted in 1979); Local Rule 18, United States Court of Appeals for the Fifth Circuit Local Rules. I further agree completely with the majority that the definition of "extortion" in the Hobbs Act as obtaining property "under color of official right," 18 U.S.C.A. § 1951(b)(2), does not, by reason of the italicized phrase, invalidate the statute as unconstitutionally vague.
 
 
 19
 Nevertheless, I feel impelled to state, for benefit of en banc consideration or further review, that were the slate clean of prior decisions by the other circuits it is clear to me (as it was to the district judge) that the congressional intent to punish racketeering by extortion, with penalties of up to twenty years imprisonment, included that the extortion be by coercion, economic or otherwise.[1] Ruff, Federal Prosecution of Local Corruption: A Case Study in the Making of Law Enforcement Policy, 65 Georgetown Law Journal 1171, 1179-86 (1977).
 
 
 20
 Here, a local school board member accepted a bribe voluntarily given, without any element of duress, in the justified expectation of receiving favorable public contracts conduct to be roundly condemned and subject to prosecution under state law (not federal law, absent interstate travel). Much as we may deplore such conduct and wish for its extirpation and punishment, respect for our federal system demands that, in the absence of congressional intent validly exercised, local criminal conduct be punishable through prosecution by the state rather than by the central government.
 
 
 21
 United States v. Kenny, 462 F.2d 1205, 1229 (3rd Cir. 1972), first held that conduct is punishable under the 1934 Hobbs Act i. e., obtaining property "by wrongful use of actual or threatened force, violence, or fear, or under color of official right " without proof of an element of duress when property is obtained by a public official "under color of official right." The dissenting opinion of Judge Aldisert in United States v. Cerilli, 603 F.2d 415, 427 (3rd Cir. 1979), is to me convincing that the authorities relied upon by Kenny were inapposite and that the congressional history discloses a clear legislative intent not to include non-coercive conduct within the intended meaning of the prohibited obtaining of property "under color of official right." Nevertheless, the United States Supreme Court denied certiorari when review was sought on this basis. Cerilli v. United States, 444 U.S. 1043, 100 S.Ct. 728, 62 L.Ed.2d 728 (1980).
 
 
 22
 Under the circumstances, therefore, and even conceding that the denial of certiorari did not necessarily constitute approval, I do not believe that oral argument would be of significant aid in the decisional process but, rather, would unduly delay panel decision of what a preponderance of the court might reasonably agree was a dispositive issue authoritatively decided by eight other circuits. Despite my personal reservations as to the correctness of these decisions in their misreliance upon inapposite judicial decisions rather than upon the congressional intent, I therefore respectfully concur.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18
 
 
 [1]
 As stated for the court by Judge Wisdom, in an opinion which accepted as undisputed this concept: "It is the wrongful use of an otherwise valid power that converts dutiful action into extortion. If the purpose and effect are to intimidate others, forcing them to pay, the action constitutes extortion. . . . The distinction from bribery is therefore the initiative and purpose on the part of the official and the fear and lack of voluntariness on the part of the victim." United States v. Hyde, 448 F.2d 815, 833 (5th Cir. 1971)