**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Garron Reginald SORROW, Defendant-Appellant.**

No. 83–8400.

United States Court of Appeals, Eleventh Circuit.

May 14, 1984.

Denmark Groover, Jr., Macon, Ga., for defendant-appellant.

Edgar W. Ennis, Jr., Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.

Before RONEY and HENDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

RONEY, Circuit Judge:

The controlling issue on this appeal from a conviction for conspiracy to defraud the United States is whether the defendant had to have an "anti-federal" intent, that is, whether it was sufficient to prove an "intent to defraud," not an "intent to defraud the United States." The issue has not heretofore been precisely decided, but based on analogous cases, we hold it sufficient for a conviction under 18 U.S.C.A. § 371 to prove that defendant's actions supported a finding he intended to defraud, without a showing that he was aware of the federal interest which might be affected. With this point being decided against defendant, the other contentions on appeal either fall with this decision or are controlled by established law so that the convictions are affirmed.

Garron Reginald Sorrow, a member of the Board of County Commissioners of Walton County, Georgia from 1973 to 1981, was convicted of conspiracy to defraud the United States, 18 U.S.C.A. § 371, and extortion, 18 U.S.C.A. § 1951. The evidence showed that Sorrow received kickbacks on several pieces of equipment purchased by Walton County. The kickbacks were paid by the vendor for Sorrow's help in getting the equipment purchases "through the Board." Purchase of one of the items of equipment, a backhoe, was paid for by Walton County with federal revenue sharing funds. Sorrow was aware that Walton County was a recipient of federal revenue sharing funds, and was aware that the backhoe may have been purchased with revenue sharing money.

■ Contending that knowledge by the defendant that the United States is to be

defrauded is a necessary element of a conspiracy to defraud the United States under 18 U.S.C.A. § 371, Sorrow argues the trial court erred by not expressly instructing the jury that they must find such an anti-federal intent.

Although not precisely in point, in our judgment the issue is controlled by *United States v. Feola*, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), which held that under the federal statutes making it criminal to assault a federal officer, and to conspire to do so, it is sufficient to prove an intent to assault, not an intent to assault a federal officer. In *Feola* the defendants were convicted under 18 U.S.C.A. § 111 for assaulting federal officers and under 18 U.S.C.A. § 371 for conspiracy to commit that offense. 18 U.S.C.A. § 371 makes it unlawful for "two or more persons [to] conspire either to commit an offense against the United States, or to defraud the United States...." The Court of Appeals reversed the conspiracy conviction on the ground that the trial court erred in not charging that knowledge of the victim's official identity must be proved to convict on the section 371 conspiracy charge. *United States v. Alsondo*, 486 F.2d 1339 (2d Cir. 1973). The Supreme Court reversed, holding it was unnecessary to prove that defendants knew the victims were federal officers either under the section 111 substantive statute, or under section 371, the conspiracy statute involved in this case.

In reaching this conclusion, the Court examined the purposes behind sections 111 and 371 and found that they lent no support to a requirement of anti-federal intent. The purpose in establishing the offense of assaulting a federal officer was to accord "maximum protection to federal officers by making prosecution for assaults upon them cognizable in federal court." 420 U.S. at 684, 95 S.Ct. at 1264. This purpose is best served, the Court thought, by not requiring proof of anti-federal intent because otherwise undercover federal agents and federal officers enforcing unpopular laws may not be protected by federal law. The Court noted that eliminating anti-federal intent from section 111 did not make the offense of assaulting a federal officer a "snare for the unsuspecting." 420 U.S. at 685, 95 S.Ct. at 1264. Assault by itself involves wrongful conduct.

Conspiracy is punished as a crime to protect society from the dangers of concerted activity. Again, the Court held that requiring proof of an anti-federal interest in the conspiring would not further this purpose. "Given the level of intent needed to carry out the substantive offense, we fail to see how the agreement is any less blameworthy or constitutes less of a danger to society solely because the participants are unaware of which body of law they intend to violate." 420 U.S. at 694, 95 S.Ct. at 1268-69.

Following that analysis in this case requires the decision that proof of anti-federal intent is unnecessary for conviction of conspiracy to defraud the United States under section 371. In *Feola*, the offense which was the object of the conspiracy is found in a statute other than section 371 but incorporated by reference to "any offense against the United States." In the instant case, the offense which is the object of the conspiracy is included in § 371: "to defraud the United States." Under *Feola*, if this target offense does not require an anti-federal intent, then neither would the conspiracy. After examining the purpose for prohibiting the defrauding of the United States, we conclude that proof of anti-federal intent is not required.

Congress' inclusion of the target offense of defrauding the United States in section 371 evidences a concern with protecting the federal fisc. The desire to protect the federal treasury, like the desire to protect federal officers, would be unduly and arbitrarily circumscribed by a requiring proof of anti-federal intent. Whether persons who plan to defraud the United States in fact realize that federal dollars

are the object of their scheme is irrelevant to the goal of safeguarding federal fiscal resources. Convicting such persons without requiring proof of anti-federal intent would not convert section 371 into a "snare for the unsuspecting." Fraud, like assault, involves wrongful conduct.

We therefore hold that the offense of conspiracy to defraud the United States under section 371 does not require proof of anti-federal intent.

Several Courts of Appeals have reached similar conclusions under other federal statutes. *United States v. Montoya*, 716 F.2d 1340, 1344–45 (10th Cir.1983) (knowledge of federal presence not an element of the crime of filing false claims with the United States, 18 U.S.C.A. § 287); *United States v. Montemayor*, 712 F.2d 104, 107–09 (5th Cir.1983) (knowledge that federal agency was involved not an element of the crime of making false statements in matters within jurisdiction of federal agency, 18 U.S.C.A. § 1001); *United States v. Baker*, 626 F.2d 512, 516 (5th Cir.1980) (same); *United States v. Sanford*, 589 F.2d 285, 297–98 (7th Cir.1978), *cert. denied*, 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979) (same); *United States v. Speir*, 564 F.2d 934, 937–38 (10th Cir.1977) (en banc), *cert. denied*, 435 U.S. 927, 98 S.Ct. 1495, 55 L.Ed.2d 521 (1978) (knowledge of federal government ownership not an element of the crime of theft of property of the United States, 18 U.S.C.A. § 641); *but see United States v. Yermian*, 708 F.2d 365, 371 (9th Cir.1983), *cert. granted*, —— U.S. ——, 104 S.Ct. 480, 78 L.Ed.2d 678 (1983) (reaching the opposite conclusion on 18 U.S.C.A. § 1001). We note that today's decision conflicts with the Tenth Circuit's holding in *Sapir v. United States*, 216 F.2d 722, 723 (10th Cir.1954), *vacated on other grounds*, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426 (1955). *Sapir*, however, was decided 21 years before *Feola* and more recent decisions by that Circuit place its viability in doubt. *E.g., United States v. Montoya*, 716 F.2d at 1344–45.

■ The other issues on appeal need little elaboration. The instructions on conspiracy read as a whole refute the argument that they would permit the jury to convict defendant of conspiracy for having completed just an overt act. The court in a straightforward manner set out the elements of conspiracy. An overt act was explicitly listed as the third of these elements. The court then explained what an overt act is and that the Government had to prove beyond a reasonable doubt that an overt act occurred. Read in context, the complained of instruction clearly refers only to the proof required on the overt act element.

The court's charge that mere presence "does not necessarily establish proof of the existence of a conspiracy" has been previously upheld by both this Circuit and the new Fifth Circuit. *United States v. Soloman*, 686 F.2d 863, 877 (11th Cir.1982); *United States v. Heffington*, 682 F.2d 1075, 1084 (5th Cir.1982), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 734, 74 L.Ed.2d 957 (1983).

■ Sorrow's claim there was no evidence of an agreement between himself and James Walls, the person who paid the kickbacks, is flatly contradicted by the record. Walls testified that he and Sorrow had an agreement where Walls would pay Sorrow $1,000 each time Sorrow voted to approve requisition orders for Walls' equipment.

■ Sorrow's argument that compulsion was a necessary element for his Hobbs Act conviction, 18 U.S.C.A. § 1951, fails under decided cases. A private person can commit extortion only through the use of "actual or threatened force, violence, or fear." 18 U.S.C.A. § 1951. If the property is obtained under color of official right, however, no showing of threats or violence is necessary. "The coercive element is supplied by the existence of the public office itself." *United States v. Williams*, 621 F.2d 123, 124 (5th Cir.1980), *cert. denied*,

450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981). Compulsion is not an element in a Hobbs Act prosecution of a public official. "The government is merely required to prove that a public official obtained money to which he was not entitled and which he obtained only because of his official position." *United States v. Hedman*, 630 F.2d 1184, 1195 (7th Cir.1980), *cert. denied*, 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981); *see United States v. Glass*, 709 F.2d 669, 674 (11th Cir.1983).

■ Sorrow's interstate commerce arguments are meritless. The Hobbs Act only requires a minimal interference with interstate commerce. *United States v. Sander*, 615 F.2d 215, 218 (5th Cir.), *cert. denied*, 449 U.S. 835, 101 S.Ct. 108, 66 L.Ed.2d 41 (1980). The court's instruction properly balanced the law requiring proof beyond a reasonable doubt for a conviction with the law that only a slight effect on commerce need be shown.

■ The evidence as to interstate commerce was sufficient to show the extortion depleted the assets of a company engaged in interstate commerce. *See United States v. Summers*, 598 F.2d 450, 454 (5th Cir. 1979). Walls' company was engaged in interstate commerce. The kickback paid to Sorrow decreased the profits made by that company on the sale. Since the money was derived from a source which otherwise could have been devoted to the purchase of interstate materials, the law presumes a potential effect on commerce sufficient to satisfy that element of the offense. *United States v. Hedman*, 630 F.2d at 1192.

■ Sorrow argues that as one member of a five-member county commission he did not have the unilateral power to approve the purchase of Walls' equipment and the Government did not show that Walls thought he had that power. Sorrow, however, received kickbacks for performance of one of his official duties, voting on the county's equipment purchases. That is sufficient to prove extortion under the Hobbs Act. *United States v. Butler*, 618 F.2d 411, 418 (6th Cir.1980), *cert. denied*, 447 U.S. 927, 100 S.Ct. 3024, 65 L.Ed.2d 1121 (1980); *United States v. Price*, 617 F.2d 455, 457 (7th Cir.1979). The belief of the extorted party only becomes an issue when an official acts outside of his granted power. *E.g., United States v. Mazzei*, 521 F.2d 639, 643 (3d Cir.) (en banc), *cert. denied*, 423 U.S. 1014, 96 S.Ct. 446, 46 L.Ed.2d 385 (1975).

AFFIRMED.