UNITED STATES of America, Plaintiff-Appellee,

v.

Roger SWIFT, Defendant-Appellant.

No. 83–5690
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 21, 1984.

Joel S. Perwin, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, Fla., for defendant-appellant.

Martha Rogers, Linda Hertz, Andrea Simonton, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Roger Swift appeals to this court from his conviction in the district court for violation of the Hobbs Act, 18 U.S.C. § 1951. Swift contends that the district court's answers to questions posed by the jury during their deliberations were prejudicially confusing and incorrect as a matter of law. Finding no error, we affirm.

The Hobbs Act provides:

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than 20 years or both.

18 U.S.C. § 1951(a). At trial, the government sought to prove that Swift used his position as sewer director of Key West, Florida to obtain money from the CFW Construction Company in return for facilitating approval of periodic progress payments to it for the construction of several sewage pumping stations.

The evidence produced at trial showed that Swift, in January, 1983, accepted $25,-000 from Bobby Joe McBee, an employee of CFW. (McBee was "wired" by the FBI at the time he made the payment.) At trial,

Swift did not contend that he never accepted the money, but based his defense on the claim of entrapment. Swift testified that McBee first approached him, at the direction of the FBI, offering money and that CFW had "set him up" to curry favor with the government. The government, however, produced evidence that Swift first approached McBee and CFW requesting money and persistently contacted them, insisting on receiving payment. The government also produced evidence showing that Swift, who had authority to approve CFW's payment requests, emphasized to CFW his ability to deny those requests and told them that he could alleviate any problems they might experience with job inspections conducted by the project engineer hired by the city. Swift wrote out a "schedule of payments" that he expected to receive from CFW. Swift testified, however, that McBee insisted that Swift accept the payments, giving as his reason that if he left his job at CFW without paying Swift he would not receive a good recommendation for another job. Swift nevertheless admitted that he, and not McBee, first specified the amount of money that Swift expected to receive.

On appeal, Swift does not contend that the trial court's charge to the jury was incorrect in any way. The claimed error is based on the answers given by the trial judge to three questions asked by the jury during their deliberations. The first two questions were asked by the jury simultaneously at about 10:45 a.m. on the first full day of deliberations. The questions, with the answers initially given by the trial judge, are as follows:

Question I:

Is it necessary for Swift to approach McBee first to be an act of extortion?

Answer: Yes.

Question II:

If CFW (McBee) offers the money first, is this still extortion (if Swift accepts the money)?

Answer: Yes, provided the money was demanded by Swift before it was offered by CFW.

In reply to a third question that inquired as to the difference between accepting a bribe and extortion, the court responded: "Please confine yourselves to the offense charged, *i.e.* extortion with the definition given you." The court then recessed until 2:10 p.m. at which time the jury asked another question.[1] The jury asked:

Question:

If CFW or McBee offer "some money" for help in resolving problems and Swift stated a dollar amount, $25,000, and then the money is paid—is this extortion?

The trial judge gave the following answer:

Upon further reflection and research the answer to the first three questions you submitted this morning should have been a "no" answer rather than "yes."

The answer to this jury question, as stated above, is "yes."

The issues remain for you to decide whether the government has proved beyond a reasonable doubt both of the following:

(1) whether Roger Swift committed extortion as defined in the instructions of law; and, if so,

(2) whether Roger Swift had the predisposition to commit the offense as defined in these instructions.

In arriving at your verdict you are reminded to consider all the evidence and all of the court's instructions.

Swift's attorney objected to the third answer on two grounds. First, he argued that Swift could not be found guilty of extortion unless Swift initiated the demand for payment. Second, he argued that the entrapment issue was woven into the determination of extortion and that entrapment should be considered before the jury determined the other elements of extortion. The defense counsel argued that the answer to the question should be "maybe" rather than "yes." On appeal, Swift relies on essentially the same arguments, adding a claim that the government, by agreeing to the trial judge's decision to answer the

first question yes, was estopped later to change its position.

An examination of the cases demonstrates that Swift's attempted distinction of bribery and extortion (on the basis of inducement of the payment by the defendant) is without merit. In *United States v. Hedman*, 630 F.2d 1184 (7th Cir.1980), *cert. denied*, 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981), the court stated:

It is settled law in this Circuit as well as others that in a Hobbs Act prosecution for extortion under color of official right it is unnecessary to show that the defendant induced the extortion payment or that the payor was entitled to the benefit obtained from such payment. The government is merely required to prove that a public official obtained money to which he is not entitled and which he obtained only because of his official position.

630 F.2d at 1195 (footnote omitted) (citing cases from seven circuits). The case law in the Fifth and Eleventh Circuits is in accord. In *United States v. Williams*, 621 F.2d 123 (5th Cir.1980), *cert. denied*, 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981), the court expressly rejected the contention that "coercion is an essential element of the crime ...." *Id.* at 124; *see also United States v. Glass*, 709 F.2d 669, 674 (11th Cir.1983). It is clear in this case that the evidence showed that Swift was acting under color of official right when he accepted the payments from McBee. Thus, the district court's instructions/answers to questions to the effect that the government need not prove that Smith initiated the conduct or coerced the payment of the money were correct.

■ Given that Swift's arguments concerning the meaning of extortion are without merit, it is clear that his other claims are also groundless. The district court is not "estopped" from correcting an erroneous instruction simply by the failure of the

---

**1.** The jury actually asked two questions; however, one of the questions is not relevant to the issues on appeal.

prosecutor to realize the problem and timely object. *See United States v. Valencia,* 645 F.2d 1158 (2d Cir.1981) (trial court has power to correct erroneous instruction). Moreover, any possible confusion that may have resulted from the erroneous answer to the jury's first question operated to the defendant's benefit by requiring the government to prove not only inducement under color of official right, but a specific demand by the defendant. Such an error, which operates to the benefit of the defendant, does not serve as the basis for reversal. *See United States v. Thomas,* 567 F.2d 638 (5th Cir.), *cert. denied,* 439 U.S. 822, 99 S.Ct. 90, 58 L.Ed.2d 114 (1978). Swift raises several other contentions concerning the propriety of the court's answers to the jury's questions; however, we have carefully reviewed his arguments and brief, and we do not find any reversible error by the district court.

The judgment is

AFFIRMED.