**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert A. SNOWDEN, Samuel S. Snowden, et al., Douglas Edward Temples, Harold Dean Jackson, Lynn Harrison Johnson, Defendants-Appellants.**

No. 83–8313.

United States Court of Appeals, Eleventh Circuit.

July 6, 1984.

Rehearing and Rehearing En Banc Denied Aug. 9, 1984.

Melvyn Kessler, Miami, Fla., for R.A. Snowden.

Timothy P. Healy, Clarkesville, Ga., for S.S. Snowden.

P. Bruce Kirwan, Atlanta, Ga., for Temples.

Arthur Tifford, Miami, Fla., for Jackson.

Mark J. Kadish, Alan J. Baverman, Atlanta, Ga., for Johnson and S.S. Snowden.

Lark Ingram Tanksley, Atlanta Ga., for plaintiff-appellee.

Before RONEY and VANCE, Circuit Judges, and SIMPSON, Senior Circuit Judge.

RONEY, Circuit Judge:

In connection with the importation of a large quantity of marijuana by airplane, three defendants, Douglas Edward Temples, Harold Dean Jackson, and Lynn Harrison Johnson were convicted of conspiracy, one defendant, Samuel Sylvester Snowden, was convicted of conspiracy and possession with intent to distribute, and one defendant, Robert A. Snowden, Jr. was convicted of conspiracy, possession and causing another to travel in interstate commerce to commit bribery in violation of 18 U.S.C.A. § 1952. *See* 21 U.S.C.A. § 846; 21 U.S.C.A. § 841(a)(1); 18 U.S.C.A. § 2. The five defendants appeal, asserting (1) Speedy Trial Act violations; (2) the district court should have granted a mistrial; (3) the evidence was insufficient; (4) the jury instructions were improper; and (5) the district court wrongly denied a motion to suppress evidence. We affirm.

Only a brief review of the facts is necessary. The case involved the importation of marijuana by airplane. The marijuana was to be flown into Blairsville Airport in Union County, Georgia. Robert Snowden recruited a sheriff from Clay County, North Carolina to provide assistance in the importation scheme. The sheriff contacted the Drug Enforcement Administration and cooperated with federal law enforcement officers by taping his subsequent conversations with Snowden. On the night the plane arrived, the Clay County sheriff and the local sheriff from Union County were present at the airport. They followed a white truck and a green Ford pickup as the trucks left the airport. These two vehicles had been identified by Snowden as off-load trucks. When the two vehicles turned down the road leading to a DEA roadblock, the sheriffs returned to the airport where Snowden paid the Clay County sheriff five thousand dollars. Law enforcement officials then moved in to arrest the persons present at the airstrip. Lynn Johnson was seized standing under the nose of the plane. Several other individuals, including Robert Snowden, fled in the darkness and escaped capture. Robert Snowden turned himself in to the United States Marshal a week later. At the roadblock, Harold Jackson, driving the green Ford pickup, and Samuel Snowden, driving the white truck, were arrested. 5,400 pounds of marijuana were found in the white truck. Douglas Temples was arrested the following day after having been observed near the airport.

*Speedy Trial Act*

After two indictments and a mistrial, the particulars of which are not important here, the defendants obtained a dismissal of their indictments on March 17, 1981 based on statutory and constitutional deficiencies in the selection of grand and petit juries in the Northern District of Georgia. *See United States v. Northside Realty Associates,* 510 F.Supp. 668 (N.D.Ga.), *rev'd,* 659 F.2d 590 (5th Cir. Unit B 1981), *cert. denied,* 456 U.S. 936, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982). The Government moved under Fed.R.Crim.P. 12(b) for a continuance of defendants' bonds to allow the

Government to file a new indictment. The defendants were reindicted for the same offenses on August 4, 1981.

Defendants claim that continuance of bond was the equivalent of arrest or the service of a summons and thus under the Speedy Trial Act defendants were required to be reindicted within 30 days. 18 U.S.C.A. § 3161(b) & (d)(1).[1] They contend the 142 days between the dates of the two indictments violated the Act. The continuance of the bond did not amount to excludable time, according to the defendants, because the magistrate granted the continuance without setting forth any findings. Section 3161(h)(8)(A) specifies that a delay resulting from a continuance granted to serve the ends of justice will not be excludable time unless the court sets forth oral or written findings.

Under the circumstances of this case, we need not consider whether holding a person under bond with no charges pending is tantamount to arrest for purposes of the Speedy Trial Act. Nor do we have to decide whether this was a "continuance" within the meaning of Section 3161(h)(8)(A). The defendants are not in a position to assert these claims. The Government moved to continue bond on each of the defendants until September 1, 1981 "to allow the filing of a new indictment." In its motion, the Government noted that it had informed defendants of the substance of the motion and had obtained their authorization to state they had no objection. The defendants indeed filed no objections. Defendant Johnson even filed a consent agreement voicing his approval of the Government's action. The motion was

granted on April 14, less than 30 days after the indictment was dismissed, and a new indictment was brought before September 1.

■ The district court noted that the continuance of bond was a benefit to defendants because they were able to avoid paying another premium on a new surety bond. Having acquiesced in the Government's motion for a continuance of their bond until September 1 to allow the filing of a new indictment, defendants cannot now assert that the Government had a shorter time within which to bring the new indictments or that the court in granting the continuance should have complied with the technical requirements of § 3161(h)(8)(A). Section 3161(b)'s 30-day limit was not violated. Defendants' acquiesence makes it unnecessary for us to address the Government's argument that the Speedy Trial Act does not apply when no charges are pending. *See United States v. Hillegas*, 578 F.2d 453, 457 (2d Cir.1978).

■ Defendants' constitutional right to a speedy trial was not violated for the same reasons that defendants' Speedy Trial Act claim fails. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

### Prejudicial Remarks by Government Witness

■ Defendants Johnson, Temples, and Samuel Snowden contend they were entitled to a mistrial after a DEA agent testified that she found a vial of cocaine on

---

1. 18 U.S.C.A. § 3161(b) & (d)(1) provide:

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

(d)(1) If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an

individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information as the case may be.

the airplane which carried the marijuana. The actual testimony went as follows:

Q: And did you discover anything on the plane?

A: Yes, I did.

Q: And what was that?

A: I found a passport belonging to an individual Lynn Harrison Johnson and also found a vial of what was later I believe analyzed as cocaine, and—

The court sustained objections to the testimony and instructed the jury to disregard the comment. The erroneous admission of evidence a jury is instructed to disregard will only require reversal when the evidence is so prejudicial as to be incurable. *United States v. Holman,* 680 F.2d 1340, 1352 (11th Cir.1982). In light of the massive quantities of drugs involved in this case, the remark about cocaine would seem to have little prejudicial effect. The district court did not err in denying defendants' motion for a mistrial.

### Sufficiency of the Evidence

■ Except for Robert A. Snowden, all of the defendants challenge the sufficiency of the evidence to support their convictions for conspiracy. In reviewing the sufficiency of the evidence, an appellate court must sustain the conviction if the evidence, viewed in the light most favorable to the Government, is such that a reasonable jury could find guilt beyond a reasonable doubt. *United States v. Bell,* 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other grounds,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

■ Defendants contend that the Government proved no more than their "mere presence" at the scene of a crime. *See e.g., United States v. Pintado,* 715 F.2d 1501, 1504 (11th Cir.1983). The evidence against Edward Temples is the least substantial. Several unidentified persons fled from the airport when law enforcement officials arrived. Several hours later, at approximately 8:30 a.m., Temples turned up at an auto body shop located 600–800 feet from the airport. He was wet from the waist down and "very, very dirty." Temples made a phone call from the auto body shop which the shop owner overheard. Part of the conversation centered on whether two persons were all right. During this telephone call, Temples asked one of the employees at the shop where he was and the shop owner testified that Temples appeared shocked to learn he was near the airport. Temples' mother's and sister's vehicles were seen at Robert Snowden's house the day before the plane arrived. The mother's car was found abandoned at the airport. Balance beam scales were discovered in this car. The sister's green Ford pickup truck was seized at the roadblock. Temples had borrowed the cars from his mother and sister for the weekend. Temples and his mother and sister lived in Aiken, South Carolina. The events which formed the basis of this case occurred in Blairsville, Georgia. Although this evidence is far from overwhelming, it is sufficient for a jury to reasonably conclude that beyond a reasonable doubt, Temples had sufficient connection with the marijuana activity to be a member of the conspiracy. Contrary to defendant's argument, the evidence is more substantial than in the case of *United States v. DeSimone,* 660 F.2d 532, 536–39 (5th Cir. Unit B 1981), *cert. denied,* 455 U.S. 1027, 102 S.Ct. 1732, 72 L.Ed.2d 149 (1982). *Cf. United States v. Mesa,* 660 F.2d 1070, 1074 (5th Cir.1981).

■ The evidence against Jackson, Samuel Snowden, and Johnson is as follows: Jackson and Snowden were apprehended driving the vehicles identified to the two sheriffs as the ones which would carry the marijuana. The sheriffs observed the vehicles leaving the airport and heading toward the roadblock. Shortly thereafter the vehicles were stopped at the roadblock. No other traffic was observed on the road leading from the airport during this period. The truck Samuel Snowden was driving was found to contain 5,400 pounds of marijuana. The vehicle Jackson was driving contained no marijuana but Jackson had $7,700 in cash on his person. Johnson was arrested at the airport shortly after the

unloading operation was completed. He was standing underneath the nose of the plane. His passport and vaccination certificate as well as one of his fingerprints were discovered inside the plane. This evidence was sufficient to tie these defendants to the conspiracy.

### Jury Instructions

■■■■ Johnson, Samuel Snowden, and Temples argue that the court erred by refusing Jackson's requested instruction on defendants' mere presence defense.[2] Although a defendant is entitled to have the jury instructed on the law concerning his defense theory, the defendant has no right to the particular phrasing of the instruction. *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir.1982), *cert. denied*, 460 U.S. 1051, 103 S.Ct. 1497, 75 L.Ed.2d 929 (1983); *United States v. Gaines*, 690 F.2d 849, 855 (11th Cir.1982). The district court in this case twice instructed the jury that mere presence does not necessarily establish proof of participation in a conspiracy. Similar instructions have often been approved by this Court. *See, e.g., United States v. Sorrow*, 732 F.2d 176 (11th Cir. 1984). Defendants' defense theory was adequately presented and there is no merit to their claim that the conspiracy instruction misstated the law.

### Motion To Suppress

■■■■ Samuel Snowden contends that the truck he was driving was searched without probable cause and thus the marijuana located by that search should have been suppressed. "[P]robable cause to search a motor vehicle exists when the circumstances would cause a reasonably prudent person to believe that the vehicle contains contraband." *United States v. Wright*, 588 F.2d 189, 193 (5th Cir.1979). In this case, law enforcement officers observed a dark pickup with a white camper top and a large white truck heading toward a small local airport in the middle of the night. The officers had reason to believe that an airplane carrying a shipment of marijuana would soon arrive at the airport. In fact, the officers saw an airplane fly in and received word from other agents at the airport that cargo was removed from the airplane and put in a large truck. The officers were also notified that the loaded truck left the airport escorted by a pickup truck with a camper top and that both trucks were headed in their direction. When trucks fitting this description arrived at the roadblock they were stopped and searched. No other traffic was heard on the road during this time period. Under these circumstances, the officers at the roadblock had probable cause to believe the truck Samuel Snowden was driving contained marijuana.

■■■■ Snowden asserts, however, that even if the officers had probable cause the warrantless search violated his Fourth Amendment rights because no exigent circumstances existed once he and Jackson were arrested. This argument has no merit. As the Supreme Court has recently reiterated: the justification for a warrantless search of an automobile "does not vanish once the car has been immobilized...." *Michigan v. Thomas*, 458 U.S. 259, 261, 102 S.Ct. 3079, 3081, 73 L.Ed.2d 750 (1982).

AFFIRMED.

---

**2.** Jackson's requested instruction read:
> I further instruct you that the mere presence of Harold Jackson in an area where marijuana was found and discovered and the fact that he may have known one or more of the other defendants, without more, would be insufficient to convict him of any offense under this indictment.

The judge instructed the jury that:

> Now, of course, mere presence at the scene of an alleged transaction or an event or mere similarity of conduct among various persons and the fact that they may have associated with each other and may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.