UNITED STATES of America

v.

Calvin CLARK, Defendant.

Crim. No. 91–43–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Sept. 19, 1991.

Michael Solis, Macon, Ga., for plaintiff.

Charles T. Erion, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

On September 12, 1991, a non-jury trial was held before the court to determine whether defendant Calvin Clark was guilty of carrying or using a firearm "during and in relation to [a] crime of violence" under 18 U.S.C. § 924(c). After considering the arguments of counsel and the record as a whole, the court makes the following findings of fact and conclusions of law.

## FACTS

In February of 1991, defendant Calvin Clark was employed as a police officer with the Fort Valley Police Department. During February and early March, Clark agreed to provide protection for an undercover agent posing as a drug dealer ("dealer/agent") during several illegal drug transactions in exchange for money. This protection consisted of Clark's observing the drug transaction from a point nearby. Then, if the dealer/agent signalled that something was going wrong, Clark was to arrest the "other guys" and to allow the dealer/agent and his accomplice to escape.

On March 7, 1991, Clark was arrested after one of these transactions. He had received a total of $5,000.00 in cash plus a small amount of crack cocaine in exchange for his protection during these transactions. Because he was on duty as a police officer while he was protecting the dealer/agent, he was carrying a firearm on each occasion, and this was related to his protection of the dealer/agent.

Clark was indicted on two counts. Count One states that he "did knowingly, willfully and unlawfully commit ... extortion, as that term is defined in [18 U.S.C. § 1951(b)(2)], ..., in that Defendant did obtain property, ... not due him from [dealer/agent] with [dealer/agent's] consent under color of official right ... in exchange for providing protection for illegal cocaine sales...." Count Two states that defendant "during and in relation to a crime of violence ... did use and carry a firearm, ..., in violation of [18 U.S.C. § 924(c)(1)]." Clark pled guilty to Count One and requested a non-jury trial on Count Two.

## DISCUSSION

Subsection (c)(1) of 18 U.S.C. § 924 provides as follows:

Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addi-

tion to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

Defendant Clark was carrying a firearm "during and in relation" to the crime of extortion under color of official right as defined in 18 U.S.C. § 1951(a) and (b)(2), and this crime is one "prosecuted in a court of the United States." Therefore, the only question remaining in this case is whether the crime of extortion under color of official right is a "crime of violence" under 18 U.S.C. § 924(c).

Section 924(c)(3) defines "crime of violence" as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (A) of this definition cannot be met in the case *sub judice* because the use of force is not an element of the crime of extortion under color of official right. This crime is defined in 18 U.S.C. § 1951(b)(2):

> The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

Although § 1951(b)(2) refers to "extortion" as a single crime, the court finds that the wording of the statute indicates that there are really two forms of extortion. The first, extortion by force, is the "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear." The second, extortion under color of official right, is the "obtaining of property from another, with his consent," "under color of official right." *See United States v. Williams*, 621 F.2d 123, 124 (5th Cir.1980) ("[T]he disjunctive language of the extor-

tion definition permits a conviction on a finding that property was unlawfully obtained *either* under color of official office *or* through force or duress.") (emphasis in original), *cert. denied*, 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981). This case only concerns the second form of extortion, extortion under color of official right.

The Eleventh Circuit has held that in order to establish extortion under color of official right, the government does not need to show the element of actual or threatened force, violence, or fear. *United States v. Glass*, 709 F.2d 669 (11th Cir. 1983); *United States v. Williams*, 621 F.2d at 124. Instead, the government only needs to show that a public official wrongfully used the power of his office to induce the victim to part with property. *See, e.g., United States v. Glass*, 709 F.2d at 674. Therefore, under § 924(c)(3)(A), extortion under color of official right is not a crime of violence since this crime does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See United States v. Cruz*, 805 F.2d 1464, 1469 (11th Cir.1986) (holding that subsection (a) of "crime of violence" definition in 18 U.S.C. § 16 explicitly covers crimes with force as an element of their commission), *cert. denied*, 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987), *cert. denied sub nom. United States v. Thomas*, 482 U.S. 930, 107 S.Ct. 3215, 96 L.Ed.2d 702 (1987).

Section 924(c)(3)(B) requires that the offense *"by its nature*, involves a *substantial risk* that physical force against the person or property of another *may* be used in the course of committing the offense." (emphasis added). The Eleventh Circuit held that this wording is ambiguous in *United States v. Cruz*, 805 F.2d 1464 (11th Cir.1986), *cert. denied*, 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987), *cert. denied sub nom. United States v. Thomas*, 482 U.S. 930, 107 S.Ct. 3215, 96 L.Ed.2d 702 (1987).

In *Cruz*, the court held that drug trafficking is not a crime of violence for pur-

poses of § 924(c).[1] The court examined the definition of "crime of violence" in 18 U.S.C. § 16(b) to make this determination. The term "crime of violence" is defined in the same way in both 18 U.S.C. § 16(b)[2] and 18 U.S.C. § 924(c)(3) (the definition applying in the case *sub judice*). Thus, the *Cruz* analysis applies to the analysis in this case under § 924(c)(3).

The court reasoned that the terms "significant risk" and "may" show that Congress intended that violence is not a necessary element of the underlying offense. *Id.* at 1469. On the other hand, the court found that the "by its nature" language of the statute prevents a court from looking at an offense on a case-by-case basis, *id.*, and that this language "implies that the generic, rather than the particular, nature of the predicate offense is determinative in defining a crime of violence." *Id.* at 1470. Hence, the statute is ambiguous, and under the rule of lenity, it must be construed strictly. *Id.* at 1475. Consequently, the court held that drug trafficking, *by its nature*, is not a crime of violence.[3]

The Eleventh Circuit also examined § 16(b) in *United States v. Gonzalez–Lopez*, 911 F.2d 542 (11th Cir.1990) (finding that residential burglary and robbery are crimes of violence). In *Gonzalez–Lopez*, the court held that:

> [S]ection 16(b) contemplates a generic category of offenses which typically present the risk of injury to a person or property irrespective of whether the risk develops or harm actually occurs. Offenses within the scope of section 16(b) have as a commonly shared characteristic the potential of resulting in harm. Once the court determines that the defendant has been convicted of a crime that usually involves a risk of harm, the inquiry ends; it does not matter whether that risk has matured into actual harm.

*Id.* at 547; *see also Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (holding that court must look at generic form of crime in determining whether it is "violent felony");[4] *Unit-*

---

**1.** The version of § 924(c) prior to an amendment in 1986 did not expressly include drug trafficking crimes within its scope. Instead, it merely stated that "Whoever, during and in relation to any crime of violence, ... for which he may be prosecuted...." In contrast, the current version states that "[w]hoever, during and in relation to any crime of violence *or drug trafficking crime*, ... for which he may be prosecuted...." Thus, the court in *Cruz* had to determine if a drug trafficking crime was a crime of violence under the statutory definition of "crime of violence."

**2.** 18 U.S.C. § 16 states:

The term "crime of violence" means—
  (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
  (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

**3.** The court also relied on the legislative history of § 924(c) and decisions of other courts to find that drug trafficking is not a crime of violence. The legislative history indicates that Congress intended to distinguish drug trafficking crimes from crimes of violence. Other courts ruling on this issue almost uniformly have held that drug trafficking is not a crime of violence. *See, e.g.,*

*United States v. Diaz*, 778 F.2d 86 (2d Cir.1985); *United States v. Wells*, 773 F.2d 230 (8th Cir. 1985); *United States v. Bushey*, 617 F.Supp. 292 (D.Vt.1985). However, this part of the *Cruz* analysis has no bearing on the case *sub judice*.

**4.** The Supreme Court in *Taylor* created a test for determining whether a prior conviction of burglary was for a "violent felony" as defined in 18 U.S.C. § 924(e). Under § 924(e)(2)(B), a "violent felony":

  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
  (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; ....

Although the definitions of "violent felony" and "crime of violence" are not identical, they are similar; thus, the Supreme Court's approach to determining whether a prior conviction is a "violent felony" provides guidance in determining whether an offense is a "crime of violence."

Under the *Taylor* test for determination of a violent felony, the court compares the Supreme Court's generic definition of the crime of burglary to the statute under which the defendant was convicted. If the statute is equivalent to or narrower than the generic definition, then the prior conviction was for a violent felony. If the statute is broader than the generic definition, then the court examines the original indictment

ed States v. Springfield, 829 F.2d 860 (9th Cir.1987) (applying categorical "nature of the offense" test in determining that involuntary manslaughter is a crime of violence).

Thus, this court must examine the crime of extortion under color of official right in its generic form. The particular facts of this case are irrelevant to the analysis. In looking at the crime in its generic form, the court finds that it is not a crime of violence. In the usual scenario, a public official uses his *power as an official* to extort property from another. *See United States v. Williams*, 621 F.2d 123, 124 (5th Cir.1980) ("The coercive element is supplied by the existence of the public office itself."), *cert. denied*, 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981). No force or violence is involved, and there is almost no risk that force or violence will occur. A public official gets what he wants merely because he is a public official; he has no need for force. Thus, extortion under color of official right is not a "crime that usually involves a risk of harm," *United States v. Gonzalez–Lopez*, 911 F.2d at 547, and, consequently, "by its nature," it is not a crime of violence.[5]

The court hereby finds that defendant Calvin Clark is NOT GUILTY of a violation of 18 U.S.C. § 924(c). Extortion under color of official right is not a crime of violence as a matter of law.

Accordingly, let judgment of ACQUITTAL be entered for defendant as to Count Two.

SO ORDERED.

and the jury charges to see if the elements of the generic definition are present. If these elements are present in the indictment or jury charges, then the conviction was for a violent felony. However, if all of the elements of generic burglary are not present in either of these documents, then the conviction is not for a violent felony. The court cannot examine the particular circumstances of the case in making its determination. *Taylor*, 495 U.S. at ——, 110 S.Ct. at 2160, 109 L.Ed.2d at 629.

Since the determinations of a "crime of violence" and a "violent felony" are analogous, *Taylor* is additional precedent showing that a court must not look at the particular facts of a crime when performing a "crime of violence" analysis.

**5.** The government cites *United States v. O'Connor*, 910 F.2d 1466 (7th Cir.1990), *cert. de-*

nied, —— U.S. ——, 111 S.Ct. 953, 112 L.Ed.2d 1041 (1991), to support its argument that the generic form of the crime of extortion under color of official right *does* involve the use of actual or threatened force. In *O'Connor*, the Seventh Circuit stated that "a system of payment in exchange for official acts can itself demonstrate inducement: there is an *implied* threat of unpleasant consequences for nonpayment, whenever payment is a way of life." *Id.* at 1468 (emphasis in original).

The court disagrees with the government's interpretation that an "implied threat of unpleasant consequences for nonpayment" is equivalent to a "substantial risk that physical force against the person or property of another may be used." 18 U.S.C. § 924(c)(3)(B). Furthermore, there is no case law that supports the government's interpretation.