**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Gary Ronald GOODMAN,**
**Defendant–Appellant.**

No. 89–6170.

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1990.

Thomas S. Berg, Asst. Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, Tex., for defendant-appellant.

Jeffery A. Babcock, Paula C. Offenhauser, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

The appellant challenges the district court's application of Sentencing Guidelines §§ 4B1.1 and 4B1.2, the "career offender" provisions, to enhance his sentence for firearm possession by a convicted felon. Finding no error, we affirm.

### Facts and Proceedings Below

Convicted felon Gary Goodman left a pool hall armed with a bottle of tequila and proceeded to the home of a female companion. At the home of his companion's neighbor, several people had gathered for a backyard barbecue. Appearing very drunk, Goodman entered the backyard area and engaged in a heated argument with one of the guests regarding a stolen truck. Although the hostess spoke no English, she became upset by the tone of the argument and asked Goodman to leave. He complied with her request and drove off.

Goodman returned to the backyard party thirty minutes later after retrieving a .38 caliber pistol from his home. Goodman pulled the pistol from his pocket and pointed it at the group gathered in the back-

yard.[1]  Goodman dropped the pistol and a bystander kicked it into the bushes.  The hostess again asked Goodman to leave and threatened to call the police.  For the second time, Goodman climbed into his vehicle and drove off.

Undaunted and anxious to retrieve his lost pistol, Goodman returned home once more to secure a .22 caliber rifle.  He returned to the scene of the evening's prior activities only to find that the party-goers had dispersed.  Still intoxicated, Goodman left for the last time and went in his vehicle in search of some friends to assist him in retrieving the pistol.  En route, he ran a stop sign and careened into a ditch.  The investigating highway patrol officer performed a field sobriety test, issued Goodman a DWI citation, and took him into custody.[2]  Goodman admitted to the officer that he had been involved in an altercation earlier that evening.  An inventory search of Goodman's vehicle produced the .22 caliber rifle, some .38 caliber ammunition, and a holster for a .38 caliber pistol.  Although Goodman drew the officer a map of the location where the .38 caliber pistol was discarded, that weapon was never found.

Goodman was indicted for two counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C. 922(g).[3]  He pleaded guilty to the second count of the indictment in exchange for dismissal of the first count.  Goodman objected to the presentence report, denying that his conduct was an "act of violence" under 18 U.S.C. § 16 so as to trigger the career offender enhancement under the guidelines.  The district court ordered an evidentiary hearing under Fed.Rule Crim.Pro. 32(a)(1) to resolve these challenges to the PSR.  The district court concluded that "the weapon was used in such a way that it does fit the definition within the sentencing guidelines as a crime of [violence]."[4]  Based on this conclusion and others not at issue here, Goodman was sentenced as a career offender.  This appeal followed.

### Standard of Review

■  The standard of review regarding guideline sentencing is statutorily defined.  Goodman's sentence must be upheld unless he demonstrates that it was imposed in violation of the law, as a result of an incorrect application of the guidelines, or was outside the range of the applicable guidelines and was unreasonable.  18 U.S.C. § 3742(e);  *United States v. Ebertowski*, 896 F.2d 906 (5th Cir.1990).  This

---

1.  At the evidentiary hearing prior to sentencing, Goodman testified that he pulled the weapon in self-defense when he was "jumped" by several Mexican males.

2.  Later toxilizer tests revealed that Goodman's blood/alcohol content was .18.  The presumption of intoxication in Texas is .10.

3.  Count One of the indictment charged Goodman with possession of the .38 caliber pistol and Count Two charged him with possession of the .22 caliber rifle.

4.  The district court failed to make any specific findings regarding the .22 caliber rifle, the weapon involved in the count to which Goodman pleaded guilty.  The appellant submits that this failure warrants remand for additional fact-finding.  We disagree.  In *United States v. Warters*, 885 F.2d 1266 (5th Cir.1989), this court explained the purpose behind Fed.Rule Crim. Pro. 32(c)(3)(D) and U.S.S.G. § 6A1.3 requiring the district court to make findings regarding facts relevant to sentencing.  As the court noted, "[w]here there are *disputed facts* relevant to the sentencing decision, the district court must cause the record to reflect its resolution thereof, particularly when the dispute is called to the court's attention."  *Warters*, 885 F.2d at 1273 (emphasis added).  Accord, *United States v. Rutter*, 897 F.2d 1558 (10th Cir.1990); *United States v. Fernandez–Angulo*, 897 F.2d 1514 (9th Cir. 1990).

As these authorities imply, the district court need not make specific findings with regard to *undisputed facts*, or facts not challenged in the objections to the PSR.  In his objections, Goodman requested that the court "take into consideration his intent at the time of the altercation with the Mexican males," apparently referring to the incident involving the .38 caliber pistol only.  At the evidentiary hearing, after the district court judge announced his findings regarding only the .38 caliber pistol, and after some unrelated objections were dismissed, Goodman's attorney stated, "[a]ll of our issues have been addressed by the court."  The evidence regarding Goodman's intent to use the .22 caliber rifle, based on Goodman's admissions to the highway patrolman, established facts relating to Goodman's plans to use the .22 rifle in retrieving his lost pistol.  These facts are contained in the record and were apparently uncontested.  We find remand unnecessary.

court must give "due regard to the opportunity of the district court to judge the credibility of witnesses" by accepting its findings of fact unless they are clearly erroneous. 18 U.S.C. 3742(e). Beyond even the clearly erroneous standard, this court must give "due deference to the district court's application of the guidelines to the facts." *United States v. Woolford,* 896 F.2d 99 (5th Cir.1990). Because the appellant asserts a ground of error not raised below, the judgment may only be reversed upon a finding of plain error. Fed.Crim.Pro. 52(b); *United States v. Yamin,* 868 F.2d 130 (5th Cir.), *cert. den.,* —— U.S. ——, 109 S.Ct. 3258, 106 L.Ed.2d 603 (1989).

### "A Crime of Violence"

■ U.S.S.G. § 4B1.1 permits the imposition of an enhanced sentence if the defendant is a "career offender." The guidelines define "career offender" as someone who (1) is at least eighteen years old at the time of the instant offense, (2) commits a felony which is either a crime of violence or a controlled substance offense, and (3) has at least two prior violent felony or controlled substance convictions. U.S.S.G. § 4B1.2 incorporates the definition for "crime of violence" contained in 18 U.S.C. § 16.[5] In the application notes, the Commission interprets this term to include "murder, manslaughter, kidnapping aggravated assault, extortionate extension of credit, forcible sex offenses, arson, [and] robbery." The Commission notes, "[o]ther offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition."[6]

The question of whether possession of a firearm by a convicted felon constitutes a

"crime of violence" is one of first impression in this circuit. The conclusions of other courts in this regard, however, are persuasive. In *United States v. Thompson,* 891 F.2d 507 (4th Cir.1989), cert. den., —— U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990), the court considered whether pointing a gun at a person, a violation of a South Carolina penal statute, was a crime of violence. The court concluded that this is an act which by its nature involves a substantial risk of the attendant use of physical force or violence. Citing South Carolina cases in which the pointing of a firearm was generally accompanied by acts of physical violence, the court stated that their conclusion "derives from common sense." *Thompson,* 891 F.2d at 509.

In *United States v. Williams,* 892 F.2d 296 (3d Cir.1989), *cert. den.,* —— U.S. ——, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990), the court specifically addressed whether a violation of 18 U.S.C. § 922(g) was a crime of violence for the purpose of enhanced sentencing. While intoxicated, Williams had entered the home of his sister, pointed a loaded gun at his brother-in-law, and fired the gun while chasing his brother-in-law through the house. Drawing an analogy to the examples given in the Commentary, the court concluded that "possessing a gun while firing it . . . is a crime of violence." *Williams,* 892 F.2d at 304.[7]

Relying on *Williams,* the Seventh Circuit in *United States v. McNeal,* 900 F.2d 119 (7th Cir.1990) concluded that possession of a firearm, where the evidence indicated it had been fired, constituted a crime of violence under § 4B1.1. The court acknowledged two district court cases, *United States v. Johnson,* 704 F.Supp. 1398 (E.D.

**5.** 18 U.S.C. § 16 defines crime of violence as:
 (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
 (b) any other offense that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

**6.** The comments provide two illustrations. Conviction for escape accomplished by threat or intimidation would be covered while escape by

stealth would not. Similarly, conviction for burglary of a dwelling would be covered while conviction for burglary of other structures would not.

**7.** Extending the analogy, the *Williams* court stated that "possession without firing the weapon is not [a crime of violence.]" Because that court was not faced with a factual situation in which a weapon was possessed or brandished without firing, we regard this statement as dicta.

Mich.1988) and *United States v. Jones*, 651 F.Supp. 1309 (E.D.Mich.1987), reversed and remanded on other grounds, 846 F.2d 358 (6th Cir.1988) in which the courts held that mere possession of a firearm by a convicted felon is a crime of violence. The Seventh Circuit specifically pretermitted this question, as does this court.

Under U.S.S.G. § 1B1.3(b), "[t]o determine the ... applicability of the career offender and criminal livelihood guidelines, the court shall consider all conduct relevant to a determination of the factors enumerated in [§ 4B1.1 and 4B1.2]." The Background to the Commentary indicates that "conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."[8] *See also, United States v. Baskin*, 886 F.2d 383, 389 (D.C.Cir.1989), cert. den., —— U.S. ——, 110 S.Ct. 1831, 108 L.Ed.2d 960 (1990). Additional authority to consider all conduct relating to the offense is implied in the Commentary to 4B1.2. When the instant offense is not one of those enumerated, the court must presumably consider all factors in determining whether "the conduct ... meets the [definition contained in 18 U.S.C. 16]." Therefore, this court is permitted to look beyond the face of the indictment and consider all facts disclosed by the record.

The evidence indicates that Goodman, in an intoxicated and agitated state, became involved in an altercation with a pistol, was disarmed, and later returned to the scene of the scuffle with another weapon, the .22 caliber rifle. By his own admission, he was en route to recover the pistol, armed with the rifle and presumably prepared to use it, when fate intervened and sent him careening into a ditch. Considering Goodman's intent at the time of his apprehension, this court is unwilling to require Goodman's potential victims to wait until the trigger is pulled before we consider his act a "crime of violence." We find no error in the district court's use of the career offender enhancement.

**8.** The official commentary to the guidelines are "contemporaneous explanations of the guidelines by their authors and are entitled to sub-

### Conclusion

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

stantial weight." *United States v. White*, 888 F.2d 490 (7th Cir.1989).