UNITED STATES of America, Plaintiff,

v.

Ward David COBLE, Defendant.

No. CR–90–207–JLQ.

United States District Court,
E.D. Washington.

Jan. 11, 1991.

Ronald W. Skibbie, Asst. U.S. Atty., Spokane, Wash., for plaintiff.

Byron G. Powell, Spokane, Wash., for defendant.

MEMORANDUM OPINION RE: APPLICATION OF SENTENCING GUIDELINES

QUACKENBUSH, Chief Judge.

*Factual Background*

On October 23, 1990, defendant Ward David Coble was convicted by a jury of

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), with sentence enhancement under 18 U.S.C. § 924(e)(1). Because it is undisputed that Mr. Coble has a criminal history of at least three violent criminal convictions, he is subject to a mandatory minimum sentence of 15 years in prison under 18 U.S.C. § 924(e)(2)(B)(ii). His sentence is also to be determined under the Federal Sentencing Guidelines. If the Sentencing Guidelines' § 4B1.1 career offender enhancement provision applies, Mr. Coble is faced with a mandatory minimum of 30 years in prison without the possibility of parole or probation. The court finds that the Sentencing Guidelines' § 4B1.1 career offender enhancement does not apply in the above-entitled matter for the following reasons.

In determining the scope of a statute, (or, in this case, guideline provision), the court must first look to its language, *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981), giving the "words used" their "ordinary meaning." *Richards v. United States*, 369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962).

■ The Career Offender provisions of the Guidelines, § 4B1.1, provide in pertinent part that a defendant is a "career offender" if (1) he is at least 18 years old at the time of the instant offense; (2) the instant offense of conviction is a felony that is a crime of violence; and (3) the defendant has at least two prior felony convictions that are crimes of violence. It is not disputed that Mr. Coble was over 18 years old at the time of the instant offense, nor that he has at least two prior felony convictions that are crimes of violence. Therefore, the only question here is whether Mr. Coble's instant conviction as a felon in possession of a firearm is a "crime of violence" for purposes of the Sentencing Guidelines. "A defendant is a career offender if ... (2) the instant offense is a felony that is ... a crime of violence." U.S.S.G. § 4B1.1.

Before November 1, 1989, the Sentencing Guidelines § 4B1.2 defined "crime of vio-

lence" by reference to 18 U.S.C. § 16 which provided:

(a) an offense that has [has as] an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, *by its nature, involves a substantial risk* that physical force against the person or property of another may be used in the course of committing the offense.

(Emphasis added). The commentary accompanying the guidelines provided:

The Commission interprets [a crime of violence] as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson or robbery are covered by this provision. Other offenses are covered *only if the conduct for which the defendant was specifically convicted meets the above definition.* For Example, conviction for an escape accomplished by force or threat of injury would be covered; conviction for an escape by stealth would not be covered ...

(Emphasis added). Sentencing Guidelines § 4B1.2, Application Note 1.

Both the Guidelines and the Commentary Application Notes have subsequently been amended. Today, 18 U.S.C. § 16 no longer defines "crime of violence" for purposes of the career offender provisions under the Sentencing Guidelines 4B1.1. The Guidelines were amended on November 1, 1989 to eliminate any reference to 18 U.S.C. § 16. The term "crime of violence" was redefined in the Guidelines as:

(1) The term "crime of violence" means any offense under federal or state law exceeding one year that—

(i) has an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, arson, or extortion, involves the use of explosives or otherwise *involves conduct* that presents a serious potential risk of physical injury to another.

(Emphasis added). U.S.S.G. § 4B1.2 (as amended November 1, 1989). In amending

the commentary, Commentary Application Note (2) now provides:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included where (A) that offense has an element the use, attempted use, or threatened use of physical force against the person of another, or (B) *the conduct set forth in the count of which the defendant was convicted involved use of explosives or, by its nature, presented a serious potential risk of physical injury to another.*

(Emphasis added).

The Ninth Circuit in *United States v. O'Neal*, 910 F.2d 663 (9th Cir.1990), held that under 18 U.S.C. § 16, a conviction of being a felon in possession of a firearm *by its nature poses a substantial risk* that physical force will be used against a person or property. *Id.* at 667. The court noted that the amended Guideline 4B1.2 eliminated all reference to 18 U.S.C. § 16. However, the instant offense in *O'Neal* had occurred prior to the amendments. The court therefore relied on the 18 U.S.C. § 16 *by its nature* language, and not the *involves conduct* language of the amended Guideline 4B1.1. The court did not reach the question of whether the Application Note in effect prior to the amendment, which also referred to conduct, required looking at the underlying conduct of the instant offense and stated:

> We find it unnecessary to reach the issue of whether the commentary to Guideline 4B1 authorizes inquiry into the underlying facts of O'Neal's instant offense. A categorical analysis suffices to conclude that the offense of being a felon in possession of a firearm by its nature poses a substantial risk that physical force will be used against person or property.

*Id.* at 667. (Emphasis added). Because *O'Neal* interpreted the statutory 18 U.S.C. § 16 *by its nature* language, and did not reach the issue of the commentary *conduct* language, and because the guidelines, as

amended on November 1, 1989, which apply to the above-entitled matter, were not considered by the court in *O'Neal*, this court finds that *O'Neal* does not control here.

Other circuits have also found that certain convictions of being a felon in possession of a firearm constituted a crime of violence under 18 U.S.C. § 16 interpreting the *by its nature* language. *United States v. Williams*, 892 F.2d 296 (3d Cir.1989); *United States v. McNeal*, 900 F.2d 119 (7th Cir.1990); *United States v. Goodman*, 914 F.2d 696 (5th Cir.1990); *United States v. Thompson*, 891 F.2d 507 (4th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990). However, in so doing, these courts, unlike *O'Neal*, looked at the commentary which accompanied the guidelines prior to amendment and its *conduct* language as well, finding that a review of the underlying conduct was warranted. In each case, the court found that the *underlying conduct* in the instant felon in possession charge supported the finding that the felon in possession conviction, in that instance, constituted a crime of violence.

None of these cases held that mere possession of a firearm by a convicted felon without violent conduct would support a finding of crime of violence, per se. In *United States v. Williams*, 892 F.2d 296 (3d Cir.1989), the court looked at the underlying conduct and found that possessing a gun while firing it is a crime of violence. The court stated in dicta that "possession without firing the weapon" is not a crime of violence. *Id.* at 304.

Relying on *Williams, supra,* the Seventh Circuit concluded that possession of a firearm, where the evidence indicated it had been fired, constituted a crime of violence under § 4B1.1. *United States v. McNeal*, 900 F.2d 119 (7th Cir.1990). The court reserved the question of whether mere possession of a firearm by a convicted felon constitutes conduct sufficient to qualify as a crime of violence under § 4B1.1. *Id.* at 123. The Seventh Circuit again failed to reach the question of whether mere possession constitutes sufficient conduct to qualify as a crime of violence because the con-

duct involved the use of force in *United States v. Alvarez*, 914 F.2d 915 (7th Cir. 1990). However, the court did state that "[d]espite the obvious dangers of convicted felons possessing firearms, it is quite a stretch to contend that simple possession alone constitutes a crime of violence." *Id.* at 918.

The Fifth Circuit looked at the 18 U.S.C. § 16 definition of crime of violence with its *by its nature* language and the underlying conduct, finding that the defendant, by his own admission, was en route to recover a pistol, was armed with a rifle, and presumably prepared to use it. The court therefore concluded that potential victims did not have to wait until the trigger is pulled before finding defendant's act to be a crime of violence. *United States v. Goodman*, 914 F.2d 696 (5th Cir.1990).

The Fourth Circuit also looked at the *by its nature* language and the *underlying conduct* in finding that the *pointing of a gun* constituted a crime of violence. *United States v. Thompson*, 891 F.2d 507 (4th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

However, this court has found no prior decisions applying the language of the amended guidelines and the accompanying commentary, which clearly apply to this case.

If the guidelines prior to amendment applied to this case, the court would be controlled by *O'Neal, supra.* Additionally, if this case involved the factual conduct scenario found in the decisions of the other circuits, this court would readily agree that the underlying conduct was sufficient to warrant a finding that the instant crime was a crime of violence.

Here, however, there was no conduct presenting a serious potential risk of physical injury to another. When officers legally entered the Coble residence with a search warrant supported by probable cause on unrelated charges, Mr. Coble was in the living room. The search revealed the firearm under a mattress in a bedroom. There is no indication that Mr. Coble made any attempt whatsoever to take physical possession of, use, or attempt to use the

firearm in any way. No ammunition for the firearm was found. The only conduct involved here was the mere constructive possession of a firearm by a convicted felon.

Every court that has looked at whether mere possession alone involves conduct that presents a serious potential risk of physical injury to another, has failed to reach that precise question, avoiding that issue by finding that the conduct at issue was sufficient for a finding of a crime of violence.

To follow the lead of the Ninth Circuit in *O'Neal*, just looking at the language of the applicable guideline and not the commentary language, would lead to the obvious conclusion that the only way that the Guideline 4B1.1 enhancement would apply here is if defendant's instant offense *involves conduct that presents a serious potential risk of physical injury to another*. U.S.S.G. § 4B1.2. Considering only this language, the court would conclude that Mr. Coble's mere constructive possession of a firearm was not conduct that presents a potential risk of physical injury to another.

■ However, this court finds that the Application Notes are entitled to substantial weight in interpreting the Guidelines. *See United States v. White*, 888 F.2d 490 (7th Cir.1989); *United States v. Goodman*, 914 F.2d 696 (5th Cir.1990). The court is therefore concerned that Application Note 2, as it currently reads, maintains the *by its nature* language. The court notes that this commentary language is more in line with the previous statutory definition of "crime of violence" and that the previous commentary referring to *conduct* is more in keeping with the current guideline § 4B1.1 *conduct* language.

The court further notes that 18 U.S.C. § 924(c)(1), providing for enhanced penalties for *the use or carrying* of a firearm during and in relation to any crime of violence or drug trafficking crime, retains the *by its nature* language of 18 U.S.C. § 16. There is no allegation here that defendant used or carried the firearm in question.

On the other hand, 18 U.S.C. § 924(e)(2)(B)(ii), referring to a defendant convicted of being a felon in possession of a firearm who has three previous convictions for a violent felony or serious drug offense, utilizes the identical language as that of Guideline 4B1.2, defining crime of violence as "burglary of a dwelling, arson, or extortion, involves the use of explosives or otherwise *involving conduct* that presents a serious potential risk of physical injury to another."

■ The law is clear that whether *prior convictions* are crimes of violence is to be determined by the nature of the offense charged, rather than from the facts underlying the offense. *Taylor v. United States*, — U.S. —, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Sherbondy*, 865 F.2d 996 (9th Cir.1988); *United States v. Selfa*, 918 F.2d 749 (9th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 521, 112 L.Ed.2d 532. However, the law is not clear that this is the case when determining whether the *instant offense* is a crime of violence.

■ This court agrees with the other circuits that the conduct language, whether of Guideline § 4B1.1, as amended, or of the commentary accompanying the previous guideline, requires looking at the underlying conduct of the instant offense to determine if the offense of conviction is a crime of violence under § 4B1.2. The concern of courts such as *Taylor* and *Sherbondy*, *supra*, that an examination of the underlying facts in determining whether previous felonies are crimes of violence would require "ad hoc mini-trials regarding an individual's prior conduct", *Sherbondy*, *supra* at 1008, simply does not apply here, in looking only at the instant offense. This court finds that the *conduct* language of § 4B1.2 is unambiguous. However, if the court had found that an ambiguity exists, the court would reach the same conclusion based upon the legislative history of the Sentencing Guidelines.

The Armed Career Criminal Legislation: Hearing on H.R. 4639 and H.R. 4768 before the Subcomm. on Crime of the House Comm. on the Judiciary, 99th Cong., 2d Sess. 44 (May 21, 1986) reveals that there was considerable disagreement about how to define "violent felony".

One proposed amendment, introduced by Representative Wyden of Oregon, favored a broad definition which would include crimes against both persons and property:

(A) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another; or

(B) any felony, which, *by its nature, involves a substantial risk* that physical force against the person or property of another may be used in the course of committing the offense.

H.R. 4639, 99th Cong., 2d Sess. (1986). (Emphasis added.) This proposal drew considerable criticism for its inclusion of property crimes.

A second proposal, introduced by Representatives Hughes and McCollum, would have defined the term "violent felony" much more narrowly as "any State or Federal felony that has as an element the use, attempted use, or threatened use of physical force against the person of another." H.R. 4768, 99th Cong., 2d Sess. (1986).

This proposal also drew a flurry of criticism for its failure to include burglary, arson, and other violent crimes against property which, though they did not have the actual or threatened use of force against the person as an element, nonetheless posed a severe inherent danger to human life. *See e.g.*, Hearing at 9 (statement of James Knapp, Deputy Ass't Attorney General, Crim. Div., U.S. Dept. of Justice).

The amendment with the *conduct* language that was ultimately passed, and which now appears as 18 U.S.C. § 924(e)(2)(B) and Guideline 4B1.2, appears to be a compromise of the two proposals.

The motivating policies behind the legislation are best illustrated by looking at the Sentencing Commission's background for U.S.S.G. § 4B1.1 which states:

28 U.S.C. 994(h) mandates that the Commission assure that certain "career" offenders, as defined in the statute, receive

a sentence of imprisonment "at or near the maximum term authorized." Section 4B1.1 implements this mandate.

The "career criminal" portion of the statute was sponsored by Senator Kennedy, whose comments are recorded in 128 Cong. Rec. 26,517–18 (1982):

> It is well documented that a relatively small number of repeat offenders are responsible for the bulk of the violent crime on our streets ... Career criminals must be put on notice that their chronic violence will be punished by maximum prison sentences for their offenses, without parole.

*Id.* at 26,518. "Although these comments express Congress's concern that recidivists receive maximum sentences, they also point out that violent crime is the primary concern." *United States v. Lawrence*, 916 F.2d 553, 555 n. 4 (9th Cir.1990).

This court is satisfied that the underlying conduct of Mr. Coble in the instant conviction did not constitute conduct that presents a serious potential risk of physical injury to another.

If the language in question is ambiguous, a third reason exists for this court's decision, that being the Rule of Lenity.

 In interpreting the reach of a criminal statute, the court must determine the intent of Congress as reflected in the language, structure and legislative history of the statute. *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). When the manifestations of congressional intent are ambiguous, the Rule of Lenity requires the court to strictly construe the statute in favor of the defendant. *United States v. Turkette*, 452 U.S. 576, 587 n. 10, 101 S.Ct. 2524, 2531 n. 10, 69 L.Ed.2d 246 (1981). This rule is based upon the concept that "a penal statute" must define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited, and in a manner that does not encourage arbitrary and discriminatory enforcement. *United States v. Chatman*, 869 F.2d 525 (9th Cir.1989) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)), overruled on other grounds, —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The Rule of Lenity applies only in situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to "the language and structure, legislative history, and motivating policies of the statute." *Moskal v. United States*, —— U.S. ——, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990) (citing *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980)). The court finds that the Rule of Lenity as it applies to criminal statutory construction is equally applicable in interpreting the provisions of the Federal Sentencing Guidelines. Applying the Rule of Lenity in the light most favorable to the defendant, the court finds that the factual conduct of the defendant in this matter, being nothing more than being a felon in constructive possession of an unloaded firearm, does not constitute conduct that presents a serious potential risk of physical injury to another. Accordingly, the court concludes that the U.S.S.G. § 4B1.1 enhancement provision does not apply in this case.

### Calculation of Sentence

While the defendant must be sentenced to incarceration for a term of 15 years, the court will also calculate the guidelines in this case. The applicable offense level is 12. The defendant's criminal history category is VI. Therefore, except for the mandatory minimum sentence which must be imposed, the guideline range would be 30–37 months.

It is undisputed that the defendant, prior to this offense, had been convicted of three prior violent felonies, as that term is defined in 18 U.S.C. § 924(e)(2)(B). Under 18 U.S.C. § 924(e)(1), the defendant must be sentenced to a term of imprisonment of not less than 15 years. The statutes prohibit the court from suspending any portion of such sentence.

By reason of the foregoing, IT IS HEREBY ORDERED that the sentence in this case shall be incarceration for a term of 15 years, to be followed by a 5-year term of supervised release. By reason of the lack of assets, there shall be no fine; however,

the statutory assessment of $50.00 shall be imposed. The Assistant United States Attorney shall submit the formal Judgment and Sentence for the signature of this court in accordance herewith.

IT IS SO ORDERED.