935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John David TIBBS, Defendant-Appellant.
 No. 90-5739.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 17, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-90-15-A)
 Mickey Joy Brock, Law Offices of Randal J. Kirk, Bland, Va., for appellant.
 E. Montgomery Tucker, United States Attorney, Arenda L. Wright Allen, Assistant United States Attorney, Roanoke, Va., Jerry Walter Kilgore, Assistant United States Attorney, Abingdon, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 John David Tibbs seeks review of a district court judgment entered pursuant to a jury verdict finding him guilty of being a three-time convicted violent felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e). On appeal, Tibbs contends that the trial court erred by applying the "career offender" provisions of the sentencing guidelines in determining his sentence, and that he was denied a fair trial because of the prosecution's repeated references to his prior criminal history. We reject these contentions and affirm.
 
 
 2
 Tibbs contends that the trial court's application of the career offender guidelines, see U.S.S.G. Sec. 4B1.1, was based on its erroneous determination that the instant offense was a crime of violence. Tibbs raises two arguments: (1) that his offense, possession of a firearm by a convicted felon, could never be a crime of violence unless he was found to have fired the weapon, and (2) if such a crime could be a crime of violence, the facts do not support such a finding in this case. We disagree.
 
 
 3
 This Court has previously held that the mere pointing of a gun at a person is a crime of violence. See United States v. Thompson, 891 F.2d 507, 509-19 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3694 (U.S.1990). See United States v. Neal, 910 F.2d 663 (9th Cir.1990) (possession of a weapon is a crime of violence per se ). Moreover, even if we were to adopt the emerging view to look at the facts of each case to determine if this crime qualified as a crime of violence, see United States v. Walker, 930 F.2d 789 (10th Cir.1991); United States v. Goodman, 914 F.2d 696 (5th Cir.1990); United States v. Alvarez, 914 F.2d 915 (7th Cir.1990), cert. denied, 59 U.S.L.W. 3782 (U.S.1991), we hold that the district court's finding that Tibbs pointed the gun at his sister is not clearly erroneous and supports the career offender designation.
 
 
 4
 Regarding the prosecution's references to Tibbs' criminal history, Tibbs complains primarily of a colloquy between himself and the prosecutor in which the prosecutor asked, "[Y]ou've used firearms in an aggressive manner before, haven't you?", to which Tibbs responded, "Yes, sir. I killed somebody one time with a firearm." The prosecutor then asked if Tibbs had killed a Mrs. Wilcox, but defense counsel's objection was sustained and the question was not answered.
 
 
 5
 A defendant's right to a fair trial may be violated by prosecutorial misconduct only if it is so serious as to poison the entire atmosphere of the trial. See Darden v. Wainwright, 477 U.S. 168 (1986). We note that Tibbs' admission that he had killed someone with a firearm was not directly solicited by the prosecutor's question. Further, even were we to find the prosecutor's actions improper, the error would be harmless in light of the overwhelming evidence of guilt in this case. See United States v. Pirovolos, 844 F.2d 415 (7th Cir.), cert. denied, 488 U.S. 857 (1988). Tibbs stipulated to his prior felony convictions, and eyewitness testimony established his possession and use of a firearm in an assaultive manner.
 
 
 6
 Moreover, we find no merit to Tibbs complaints regarding the prosecution's requests, in the presence of the jury, to enter Tibbs' stipulations into the record and for permission to question Tibbs regarding two felonies to which he had not stipulated. This request could not have been prejudicial since the jury was already aware of Tibbs' stipulations and, in fact, the court essentially denied the request to admit the stipulations into the record because the information was repetitive. Further, the prosecutor explicitly stated at trial that he wished to question Tibbs regarding the other felonies for impeachment purposes because the felonies related to truthfulness. This request was not improper and, in any event, had little prejudicial effect since no details of the felonies were divulged.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.