**UNITED STATES of America**

v.

**Dave Arnold LEWIS, Defendant.**

**Cr. No. 90–57–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Oct. 15, 1991.

J. Robert Faulkner, Macon, Ga., for plaintiff.

William D. Gifford, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Defendant was indicted for a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon on August 28, 1990. He had previously been convicted of three felonies: two burglaries and involuntary manslaughter. Under § 4B1.1 of the *Sentencing Guidelines*, defendant will be considered a career offender if the crime of possession of a firearm by a convicted fel-on is a "crime of violence." The court requested counsel from each party to submit briefs on this issue. After consideration of these arguments and the relevant case law, the court makes the following conclusions of law.

## FACTS

On August 11, 1990, defendant and Clifford Wilson went to a motel room in Macon, Georgia to meet with Larry Voris to discuss the disposition of stolen money orders that had been taken previously during a burglary of a U.S. Post Office in September 1989. Wilson gave defendant a loaded handgun just prior to the meeting at the motel. Wilson and defendant were arrested immediately after the meeting, and defendant was indicted for possession of a firearm by a convicted felon.

## DISCUSSION

Under § 4B1.1 of the *Sentencing Guidelines:*

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense....

The question before the court is whether the offense of possession of a firearm by a convicted felon is a "crime of violence" under this section.

The term "crime of violence" is defined in § 4B1.2 of the Sentencing Guidelines as follows:

(1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise **involves conduct** that

presents a serious potential risk of physical injury to another. (emphasis added).

Subsection (i) clearly cannot be met in this case. Defendant's offense is defined in 18 U.S.C. § 922(g)(1) as follows:

It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

.     .     .     .     .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

This offense contains no element of actual or threatened force.

Subsection (ii) states that a "crime of violence" is an offense that "involves conduct that presents a serious potential risk of physical injury to another." (emphasis added).[1] A majority of circuits has held that a court can inquire beyond the statutory elements of the offense in determining whether an offense is a "crime of violence" under § 4B1.2(1)(ii). *See, e.g., United States v. Cornelius*, 931 F.2d 490, 493 (8th Cir.1991) ("[C]ourts should look beyond the mere statutory elements of a crime when determining whether an offense is a crime of violence."); *United States v. Walker*, 930 F.2d 789, 794–95 (10th Cir.1991) ("[T]he conduct of the defendant in the instant offense can be taken into consideration in determining whether the defendant has committed a crime of violence for the purposes of sentencing under § 4B1.1."); *United States v. Alvarez*, 914 F.2d 915, 918 (7th Cir.1990) ("[I]n considering whether an offense is a 'crime of violence' for purposes of the Career Offender Guideline, we must look to the underlying conduct as well as

the elements of the offense as charged."), *cert. denied,* —— U.S. ——, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991); *United States v. Coble*, 756 F.Supp. 470, 474 (E.D.Wash. 1991) ("[T]he conduct language ... requires looking at the underlying conduct of the instant offense to determine if the offense of conviction is a crime of violence under § 4B1.2.").

However, a court is not unlimited in its analysis. Application Note 2 of the Commentary to § 4B1.2 states that the term "crime of violence" includes offenses where "the conduct set forth in the count of which the defendant was convicted ..., by its nature, presented a serious potential risk of physical injury to another." (emphasis added). Hence, the court may examine the conduct charged in the indictment to determine whether the offense is a crime of violence for purposes of sentencing under § 4B1.1, but it may not go beyond the indictment. *United States v. Hernandez*, 753 F.Supp. 1191, 1195 (S.D.N.Y.1990) ("[I]t is not permissible [to look] to the circumstances surrounding the conduct charged in the counts of conviction.... Rather, [the court is] limited to considering the charged conduct.")

In examining the conduct set forth in the indictment, the court determines that defendant's conduct does not amount to a "crime of violence" under § 4B1.2. Defendant was charged with "knowingly possess[ing] a firearm which had previously been shipped and transported in interstate commerce" after having been previously convicted of three felonies. Mere possession of a firearm, without any other act, does not "present a serious potential risk of physical injury to another." *United States v. Alvarez*, 914 F.2d 915, 918 (7th Cir.1990) ("[I]t is quite a stretch to contend that simple possession alone constitutes a

---

**1.** The "conduct" language of § 4B1.2 contrasts to the "by its nature" language of the definition of "crime of violence" in 18 U.S.C. § 924(c) and 18 U.S.C. § 16. Both of these sections define the term "crime of violence" to be a felony that

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that **by its nature,** involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

(emphasis added). This court, in *United States v. Clark*, 773 F.Supp. 1533 (M.D.Ga.1991), held that it could only examine the generic form of the instant offense in determining whether it was a "crime of violence" under these sections.

crime of violence."), *cert. denied,* —— U.S. ——, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991); *United States v. Williams,* 892 F.2d 296, 304 (3d Cir.1989) ("[P]ossessing a gun while firing it ... is a crime of violence; possession without firing the weapon is not."), *cert. denied,* —— U.S. ——, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990); *see also United States v. Coble,* 756 F.Supp. 470 (E.D.Wash.1991); *United States v. Hernandez,* 753 F.Supp. 1191 (S.D.N.Y.1990). Moreover, if the court could examine the circumstances surrounding defendant's charged conduct, this conduct still does not amount to a crime of violence. In *United States v. Wilson,* CR–91–61–MAC (M.D.Ga. Sept. 25, 1991), the court heard the facts of the burglary that preceded the instant offense. Defendant was not involved in this burglary; he merely attended a meeting to discuss the disposition of the stolen property from the burglary. The weapon he carried never left his pocket. These facts do not support a finding that defendant committed a crime of violence. Thus, the court HOLDS that defendant's offense of possession of a firearm by a convicted felon is not a crime of violence under § 4B1.1 of the *Sentencing Guidelines.*

SO ORDERED.