**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Mark Lynn FITZHUGH,
Defendant–Appellee.**

**No. 91–8211
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1992.

Walter M. Reaves, Jr., West, Tex. (court-appointed), for plaintiff-appellant.

LeRoy M. Jahn, Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., Mark L. Frazier, Asst. U.S. Atty., Waco, Tex., for defendant-appellee.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This case concerns the issue of whether a district court may consider conduct of which the defendant was not charged and convicted in determining whether his offense is a "crime of violence" for the purposes of the career offender provision of the Sentencing Guidelines. Although we have held that such a practice was appropriate under a prior version of this provision, amendments to the Guidelines in 1989 and 1991 make clear that the sentencing court should not consider such conduct. Because the district court considered underlying conduct here, we vacate the defendant's sentence and remand for resentencing.

## I.

In October of 1990, defendant Mark Lynn Fitzhugh, a convicted felon, broke into a U.S. Marshal's house to steal firearms. Fitzhugh was on methamphetamine at the time. Unbeknownst to him, the marshal's fourteen-year-old daughter was hiding in her bedroom during the burglary. She tried to dial 9–1–1 to summon help, but was unsuccessful because Fitzhugh had disconnected the phone downstairs. Fitzhugh stole a loaded .38 caliber revolver and moved but did not steal a sawed-off shotgun.

Fitzhugh later pled guilty to one count of possession of a firearm by a felon. 18 U.S.C. § 922(g)(1). He also conceded that he had been convicted of at least three prior burglary offenses, and was therefore subject to sentence enhancement under the Armed Career Criminal provision of 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. Fitzhugh's Presentence Investigation Report recommended application of the career offender provision of the Guidelines, reasoning that the circumstances surrounding his possession of the firearm made his offense a "crime of violence." U.S.S.G. §§ 4B1.1, 4B1.2. In the alternative, the Report recommended increasing his base offense level by three points because the victim was a U.S. Marshal, U.S.S.G. § 3A1.2, and denial of the two point reduction for acceptance of responsibility. U.S.S.G. § 3A1.1.

The district court agreed with the presentence report, with the exception that it granted the reduction for acceptance of responsibility. The career-offender provision resulted in an offense level of 37. The district court apparently subtracted two points for acceptance of responsibility and added three points for the victim's status as a U.S. Marshal to arrive at a total offense level of 38. Fitzhugh's criminal history category was VI. The sentencing range for an offense level of 38 and a criminal history category of VI is 360 months to life. The district court sentenced Fitzhugh to 480 months. Fitzhugh now appeals.

## II.

Fitzhugh argues that the district court is not permitted to consider the facts underlying the offense of conviction to determine whether the offense is a crime of violence for the purposes of the career-offender provision of the Guidelines. U.S.S.G. §§ 4B1.1, 4B1.2. The term "crime of violence" is defined in part as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that ... involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii). In *United States v. Goodman*, 914 F.2d 696, 699 (5th Cir.1990), we explained that the sentencing court is "permitted to look beyond the face of the indictment and consider all facts disclosed by the record" to determine whether the applicable offense is a crime of violence. Fitzhugh contends, however, that *Goodman* is not controlling here because the commentary to § 4B1.2 was amended in November of 1989 to state that the term "crime of violence" includes offenses where "*the conduct set forth in the count of which the defendant was convicted* ... by its nature presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2, Application Note 2 (emphasis added). Although *Goodman* was decided in 1990, it applied the version of § 4B1.2 that existed before the November 1, 1989 amendments. Fitzhugh argues that the new commentary makes clear that only conduct charged in his indictment may be considered.

We agree. By amending § 4B1.2, the Sentencing Commission made clear that only conduct "set forth in the count of which the defendant was convicted" may be considered in determining whether the offense is a crime of violence. We think this amendment shows that § 4B1.2 does not intend to define "crime of violence" by reference to conduct underlying the offense when the defendant is not charged and convicted of such conduct. In short, the Commission has repudiated *Goodman* and other cases which held that a sentencing court can look beyond the face of the indictment in considering this issue.

This interpretation is further supported by the 1991 amendments to the commentary to § 4B1.2. Although these amendments were not in effect at the time Fitzhugh was sentenced, we may consider them where, as here, they are intended only to clarify a guideline's application. *United States v. Nissen*, 928 F.2d 690, 694–95 (5th Cir.1991). Presumably in response to decisions of the courts of appeals that continued to allow the sentencing court to consider underlying conduct despite the 1989 amendments, *see, e.g., United States v. John*, 936 F.2d 764, 767–70 (3d Cir.1991); *United States v. Walker*, 930 F.2d 789, 793–95 (10th Cir.1991), the Commission added language in 1991 indicating that this practice was inappropriate. The commentary now states that the term "crime of violence" includes offenses where "the conduct set forth, (*i.e. expressly charged*) in the count of which the defendant was convicted" poses a substantial risk of physical injury to another. Moreover, the Commission added that "[u]nder this section, the conduct of which the defendant was convicted is the focus of the inquiry." If the 1989 amendments left any doubt as to the propriety of considering conduct for which the defendant was not charged and convicted, the 1991 amendments eliminated it. The sentencing court should consider conduct expressly charged in the count of which the defendant was convicted, but not any other conduct that might be associated with the offense. *Goodman* is no longer controlling.

Finally, the 1991 amendments to the commentary to § 4B1.2 also state that "[t]he term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." Thus, the Commission has made clear that not only is it inappropriate to look beyond the indictment in considering this issue, but also that the specific offense of unlawful possession of a firearm simply does not constitute a crime of violence. The career offender provision should not apply where, as here, the defendant is convicted solely on a firearm possession charge.

The shift in the law thus snags the district court's sentence of Fitzhugh as a career offender. The sentence must be vacated and the case remanded for resentencing. On remand, the Armed Career Criminal Provision of § 4B1.4 will apply since Fitzhugh is subject to an enhanced sentence under 18 U.S.C. § 924(e). We also note that the provisions of § 4B1.4 state *total* offense levels, not *base* offense levels. Other than the adjustment for acceptance of responsibility, which is specifically allowed, the court should not adjust the offense levels provided in this section. Thus, no adjustment should be made to a § 4B1.4 offense level for the victim's status as a U.S. Marshal. Rather, the district court should calculate the adjusted offense level under chapters two and three and compare that number to the offense level provided under § 4B1.4. The higher number applies.

VACATED and REMANDED.