IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10113
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH CLIFTON CHARLES,

Defendant - Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

December 10, 2001

Before JOLLY and PARKER, Circuit Judges, and SPARKS,[*] District
Judge.

E. GRADY JOLLY, Circuit Judge:

Joseph Charles pleaded guilty to possessing a firearm as a
convicted felon in violation of 18 U.S.C. § 922(g)(1). His sentence
was enhanced on a finding that his previous state conviction of
vehicle theft was a "crime of violence," which he challenges in this
appeal. We conclude, somewhat to our chagrin, that precedent binds
us to the notion that simple vehicle theft is a crime of violence
for the purposes of the sentencing guidelines. We therefore affirm
the sentence.

_____

[*]District Judge of the Western District of Texas, sitting by
designation.

I

On June 12, 2000, two officers observed Joseph Charles roll through a four-way stop sign. The officers stopped Charles and ran a computer check. The check indicated that there was a warrant outstanding for his arrest. Accordingly, the officers arrested Charles and searched his car. The car search revealed a .380 caliber pistol under the driver's seat. Charles pleaded guilty to possession of a firearm as a convicted felon. 18 U.S.C. § 922(g)(1).

Charles has two prior felony convictions. In October 1997, he pleaded guilty to unlawfully carrying a weapon on a licensed premise, and in July 1997, he pleaded guilty to theft of a vehicle. At sentencing, the district court found that the previous conviction for vehicle theft constituted a "crime of violence" under the sentencing guidelines. See U.S.S.G. § 2K2.1(a)(4)(A). Accordingly, the district court applied a base offense level of 20 and sentenced Charles to 51 months of imprisonment, a three-year term of supervised release, and a $100 mandatory special assessment.

II

We review the district court's interpretation and application of the sentencing guidelines de novo. See United States v. Deavours, 219 F.3d 400, 402 (5th Cir. 2000).

Upon conviction as a felon in possession of a firearm, the sentencing guidelines impose a base offense level of 20 if "the

2

defendant had one prior conviction of either a crime of violence or a controlled substance offense." See U.S.S.G § 2K2.1(a)(4)(A). For purposes of this section, the guidelines define "crime of violence" as "any offense ... that ... (1) has as an element the use, attempted use, or threatened use of physical force against a person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." U.S.S.G. § 4B1.2(a) (emphasis added). To determine whether a particular offense "presents a serious potential risk of injury to another," we take a categorical approach. See <u>United States v. Fitzhugh</u>, 954 F.2d 253, 254 (5th Cir. 1992). That is to say, when making this determination we only consider the allegations -- and the certain inferences from those allegations -- set forth in the indictment; which, of course, includes the elements of the crime. We do not consider the facts underlying, but not mentioned in, the indictment. See <u>United States v. Ruiz</u>, 180 F.3d 675, 676 (5th Cir. 1999)(finding that an escape from custody of a prison camp was a crime of violence despite the fact that the defendant "simply walked away ... no physical barriers prevented the escape and no guards were armed").

At the outset, we must say that we have some difficulty visualizing simple car theft -- short of carjacking -- as a crime of violence. Nevertheless, a panel of this court recently held that

3

the unauthorized use of an automobile was a crime of violence because "there is a substantial risk that the vehicle ... might become involved in an accident." See United States v. Jackson, 220 F.3d 635, 639 (5th Cir. 2000) (quoting United States v. Galvan-Rodriquez, 169 F.3d 217, 219 (5th Cir. 1999)), cert. denied, 121 S.Ct. 1640 (2001). Consequently, it does appear, by this reasoning, that in this circuit most traffic violations have been elevated to crimes of violence.

In the light of this precedent the district court here analogized the dangers inherent in the unauthorized use of a vehicle to the dangers inherent in the simple theft of a vehicle and concluded that vehicle theft was a crime of violence.

The defendant argues, however, that because the unauthorized use of an automobile always involves "use" (i.e., driving the car) whereas the theft of an automobile does not, the district court's analogy is misguided. We do not find this argument persuasive. Although it is true that an automobile may be stolen by towing or dismantling the car, the defendant points to nothing in the vehicle theft indictment that suggests that the theft here occurred in this manner. Consequently, that Charles "used" the car at the time of committing the theft is a certain inference from the indictment. Accordingly, we are compelled to say that the result in this case is dictated by the result in Jackson. Therefore, based on the reasoning and holding of Jackson, we conclude that the theft of a

4

vehicle constitutes a crime of violence for purposes of U.S.S.G. §

2K2.1(a)(4)(A). Accordingly, the district court's decision is

AFFIRMED.

ENDRECORD

SAM SPARKS, District Judge, specially concurs:

I concur with the panel's holding only because of current circuit precedent and, therefore, the sentencing of Charles must be affirmed. I specially concur, however, because the cases of *United States v. Jackson*, 220 F.3d 635 (5th Cir. 2000) and *United States v. Galvan-Rodriguez*, 169 F.3d 217 (5th Cir. 1999) are simply wrongly decided. *See United States v. Dueno*, 171 F.3d 3 (1st Cir. 1999) (distinguishing between burglary of a vehicle and a dwelling or commercial structure); *Saraeng Ye v. INS*, 214 F.3d 1128 (9th Cir. 2000); *Solorzano-Paltan v. INS*, 207 F.3d 869, 873 (7th Cir. 2000) (holding vehicle burglary was not an aggravated felony as it did not constitute a "crime of violence"). Not withstanding contrary legal authorities, pure common sense and simple logic establish that vehicle theft is no crime of violence. As Judge Jolly accurately writes, the result of these two cases' reasoning is that "most traffic violations have been elevated to crimes of violence" in the Fifth Circuit.

Reading U.S.S.G. § 2K2.1 itself illustrates the fallacy of this precedent. Subsection 2K2.1(a)(4) establishes the base offense level of 20 if the defendant "had one prior felony conviction of either a crime of violence or a controlled substance offense." Subsection 2K2.1(a)(6) establishes if the defendant is a prohibited person (i.e., a felon) the base level is 14. In Charles' case, the adjusted offense level of 17 with a criminal history of V establishes a guideline range of incarceration of from 46 to 57 months. This guideline was designed for a person who has an aggravated felony like murder, rape, kidnaping, hijacking, bank robbery with the use of a weapon, assault with a deadly weapon, etc. The more appropriate guideline in Charles' case would be the calculation under § 2K2.1(a)(6) resulting in an offense level of 14 with a guideline range of 27 to 33 months.

There is a thirty (30) month differential in these two guidelines. The cost of thirty months (according to Bureau of Prisons figures) exceeds $54,000. This 30-month differential actually exceeds the minimum sentence of 27 months that would be applied if vehicle theft were not construed as an

aggravated felony. The purpose of this guideline was certainly not to sentence a person convicted of car theft, unauthorized use of a vehicle, or DWI in the same manner as a convicted murder, rapist, bomber, hijacker, or drug dealer. A sentence of 27 to 33 months in prison for possessing a gun by a felon with no aggravating factors constitutes a sufficiently severe sentence. Of course, if the district judge determines a sentence is too lenient, the judge can always use U.S.S.G. § 4A1.3 for an upward departure. The expense of $55,000 of taxpayers' money and making a defendant serve twice as long a sentence simply because he *might* have an accident when he steals a car, or is driving a stolen car, simply has no basis in the Guidelines nor in logic. These cases should be reviewed and vacated by the Circuit. Vehicle theft should be classified as it really is – a felony – not an aggravated felony for the purpose of applying U.S.S.G. § 2K2.1.